# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| JEFFREY B. BERRY | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § Case No. 4:14cv459 |
| | § |
| CITIMORTGAGE, INC. | § |
| | § |
| Defendant. | § |

## MEMORANDUM OPINION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant's Motion to Dismiss (Dkt. 4). As set forth below, Defendant's motion is GRANTED in part and DENIED in part.

*Pro se* Plaintiff Jeffrey B. Berry filed this suit against Defendant CitiMortgage, Inc. on July 11, 2014. Plaintiff alleges that, after he experienced some financial hardships and asked Defendant for mortgage assistance, Defendant notified him that he had been placed on an FHA Home Affordable Trial Period Plan. Plaintiff further alleges that correspondence from Defendant stated that he was required to send a signed copy of the FHA Trial Agreement to Defendant by July 18, 2013, that he was required to send the first trial period payment plan in the amount of $1,069.11 to Defendant by August 1, 2013, and that these trial payments would span a period of three months. Plaintiff alleges that he strictly complied with those requirements and made payments in August, September, and October 2013 but that Defendant refused to permanently modify the loan agreement. *See* Dkt. 1 at ¶¶ 24-40.

1

Plaintiff's Original Complaint asserts the following claims against Defendant CitiMortgage: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) promissory estoppel (in the alternative); (4) violation of the Texas Deceptive Trade Practices Act, §17,41 et seq.; and (5) equitable estoppel. *See* Dkt. 1. In addition to an award of damages, Plaintiff also seeks injunctive and declaratory relief regarding his claims.

Defendant filed its motion to dismiss Plaintiff's claims on July 21, 2014 (*see* Dkt. 4). Plaintiff filed a response in opposition. The deadline to amend pleadings having passed, the matter is ripe for resolution.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The complaint must be factually suggestive,

so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

### *Breach of contract and Promissory Estoppel (in the alternative)*

The gravamen of Plaintiff's case is that Defendant breached the agreement to modify his loan. He has asserted both a breach of contract and an alternative promissory estoppel claim in this regard.

"In Texas, the essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC,* 490 F.3d 380, 387 (5th Cir. 2007) (internal quotation marks and citation omitted).

In its motion, Defendant argues that Plaintiff's breach of contract claim should be dismissed because no enforceable contract exists. Defendant further argues that Plaintiff's own complaint and the attachments thereto demonstrate that no breach of any agreement occurred. Specifically, Defendant claims that the trial plan authorized CitiMortgage to forego final modification if all documents were not executed and returned and that Defendant was not obligated to modify the loan if it determined Plaintiff did not qualify.

Generally, any unilateral or bilateral contract modifying the underlying loan agreement was subject to the requirements of the statute of frauds. *See* TEX. BUS. & COM CODE ANN. § 26.02(a)(2) and (b) (2009) (a loan agreement involving a loan exceeding $50,000 in value is subject to the statute of frauds); *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (any contract subject to the statute of frauds and not in writing is unenforceable under Texas law). Therefore, the Court finds that no breach of a loan modification agreement could be stated. However, Plaintiff here has alleged a breach of the FHA Trial Agreement and claims that he complied with all of its terms but that CitiMortage nonetheless failed to modify his loan. Plaintiff attaches a copy of the FHA Trial Agreement to his complaint which contains the following provision:

> "3. The Modification. If (1) my representations in Section 1 were and continue to be true in all material respects; (2) I comply with the requirements in Section 2;[1] (3) I provide the Lender with all required information and documentation; and (4) the Lender determines that I qualify, the Lender will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date...."

---

[1]Section 2, "The Trial Period Plan" sets forth the three monthly payments Plaintiff alleges he timely submitted.

Dkt. 1-2 at 5.

The Court finds that Plaintiff has sufficiently stated a breach of this agreement. Whether Defendant has evidence of a failure to comply with the agreement or whether Defendant ultimately determined that Plaintiff did not qualify for loan modification are not matters appropriate for dismissal of Plaintiff's breach of contract claims.

Further, even if this were not enough to state a claim as to the breach of the FHA Trial Agreement, Plaintiff's allegations regarding Defendant's promises to modify his loan if he complied with the FHA Trial Agreement sufficiently state his alternative promissory estoppel claim.

A claim of promissory estoppel requires: (1) a promise by the defendant; (2) foreseeable and actual reliance on the promise by the plaintiff to his detriment; and (3) a showing that enforcement of the promise be necessary to avoid an injustice. *Guajardo v. JP Morgan Chase Bank, N.A.*, 2015 WL 136403, 6 (5th Cir. 2015). "To support a finding of promissory estoppel, the asserted promise must be sufficiently specific and definite that it would be reasonable and justified for the promisee to rely upon it as a commitment to future action." *Id.* (citing *Comiskey v. FH Partners, LLC,* 373 S.W.3d 620, 635 (Tex.App.-Houston [14th Dist.] 2012, pet. denied)). Promissory estoppel only overcomes Texas's statute of frauds where the alleged oral agreement to modify a loan is accompanied by the lender's or its agent's promise to sign a written agreement validating the oral agreement that itself satisfies the statute of frauds. *Martins v. BAC Home Loans Serv., L.P.*, 722 F. 3d 249, 256 (5th Cir. 2013) ("Martins alleges only an oral agreement, not a promise on the part of BAC or its agents to sign an agreement validating the oral agreement that would satisfy the statute of frauds."); *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (lack of

promise to sign a prepared document that comports with Texas's statute of frauds, which would have memorialized oral promises regarding modification was fatal to borrowers' promissory estoppel claims); *Martin-Janson v. JP Morgan Chase Bank, N.A.*, 536 Fed. App'x 394, 398 (5th Cir. 2013); *Milton v. U.S. Bank Nat. Ass'n*, 508 Fed. App'x 326, 329 (5th Cir. 2013) (when no evidence exists to establish an oral agreement to reduce an otherwise unenforceable promise to writing, in satisfaction of the statute of frauds summary judgment with respect to an estoppel claim is proper). Thus, to "succeed on a promissory estoppel claim, a plaintiff must introduce evidence demonstrating that a defendant promised to reduce a modification to a writing that would comply with the Statute of Frauds." *Whittier v. Ocwen Loan Serv., L.L.C.*, 2014 WL 6791382, 4 (5th Cir. 2014).

Here, Plaintiff not only states his reliance on the promises made in the FHA Trial Agreement but also attaches to his complaint a June 11, 2013 letter from CitiMortgage regarding loan assistance which states:

> "After you have successfully completed the trial period, the final modification agreement will be sent to you. You will need to review and sign the final modification agreement and send it back to us. Once received, your modification will be finalized."

Dkt. 1-1 at 2.[2]

Plaintiff also attaches a July 11, 2013 letter from CitiMortgage stating "[i]f you qualify under the FHA Home Affordable Modification Program by complying with the terms of the Trial Period Plan,

---

[2] The Court notes that the June 11, 2013 letter from CitiMortgage also states: "Please be aware that collection and/or foreclosure activity may continue until a foreclosure prevention treatment has been approved or completed, depending on the type of solution offered." Dkt. 1-1 at 3. What constitutes a "foreclosure prevention treatment" or the approval of it is not a matter to be determined when evaluating whether Plaintiff has stated a claim but may ultimately be determinative as to some or all of Plaintiff's claims.

6

we will modify your mortgage loan and you can avoid foreclosure." Dkt. 1-2 at 2.

Plaintiff has stated sufficient facts to show that Defendant promised to reduce a modification to a writing that would comply with the statute of frauds and that Defendant's promise was sufficiently specific, definite, and repeated such that it would be reasonable and justified for Plaintiff to rely upon it as a commitment to future action. That claim will not be dismissed for failure to state a claim. *Guajardo*, 2015 WL 136403 at 6 (finding that a plaintiff's allegation that a lender promise to consider a loan modification application and the promise that "there would be no non-judicial foreclosure *until* the loan modification process was completed and they were given a response and answer" was sufficient to support a claim of promissory estoppel); *Martin-Janson, N.A.*, 536 Fed. App'x at 399 (reversing dismissal of promissory estoppel claim to allow the plaintiff to seeks discovery to reveal either the draft loan modification agreement that JPMorgan allegedly prepared, or the terms of her promised modification based on the lender's standard formulae to show that JPMorgan promised to sign a written agreement which itself complies with the statute of frauds).

Plaintiff is cautioned, however, that to recover on any claim of promissory estoppel he will be required to offer evidence demonstrating his reliance damages. *Watson v. CitiMortgage, Inc.,* 530 Fed. App'x 322, 327 -328 (5th Cir. 2013) (affirming finding of district court that no genuine issue of material fact existed as to promissory estoppel where plaintiffs did not explain how any damages result from their reliance on any promises by the lender); *Shatteen v. JP Morgan Chase Bank, N.A.*, 519 Fed. App'x 320, 322 (5th Cir. 2013); *Waltner v. Aurora Loan Serv., L.L.C.*, 2013 WL 6858124, 3-4 (5th Cir. 2013) ("Reliance damages cover expenditures made in preparation for performance or in performance, and essentially seek to restore the status quo by putting the injured party in the

7

position he would have been in had the contract not been formed.") (internal citations, quotation and alterations omitted). There must be some evidence to show the action, or actions, Plaintiff would have taken had he not received the promise to modify his loan. *Waltner*, 2013 WL 6858124 at 4 ("Absent the promise to modify their loan, the Waltners would still have been in default..., [and] any award of damages by the jury would be based on pure speculation.").

The motion to dismiss the breach of contract and alternative promissory estoppel claims for failure to state a claim is, however, DENIED.

### ***Breach of the Implied Covenant of Good Faith and Fair Dealing***

The Court next turns to Plaintiff's claim that Defendant's failure to modify his loan despite his compliance with the trial plain constituted a breach of the implied covenant of good faith and fair dealing. The Court finds that this claim should be dismissed because there is no duty of good faith and fair dealing in the lender/borrower relationship. *See Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.– San Antonio 1998, no pet.) (citing *Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990)); *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983).

"[U]nder Texas law, there is no special relationship between a mortgagor and mortgagee that would give rise to a stand-alone duty of good faith and fair dealing." *Milton v. U.S. Bank Nat. Ass'n*, 508 Fed. App'x 326, 329-330 (5th Cir. 2013) (internal citations and quotations omitted). Indeed, Texas law does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Coleman v. Bank of Am., N.A.*, 2011 WL 2516169, at *1 (N.D. Tex. 2011) (citing *FDIC v. Coleman*, 795 S.W.2d 706, 708–709 (Tex. 1990)) (internal quotations

omitted). Here, Plaintiff's allegations do not state a "special relationship" with Defendant. *See Casterline v. Indy Mac/One West*, 761 F. Supp. 2d 483, 491 (S.D. Tex. 2011); *Smith v. National City Mortg*, 2010 WL 3338537, at *12 (W.D. Tex. 2010). "One party's subjectively trusting another during negotiations is likewise not a special relationship of shared trust." *Scott v. Bank of America, N.A.*, 2014 WL 7389910, 2 (5th Cir. 2014) (affirming grant of summary judgment on claim of breach of fiduciary duty against lender and finding that fact that borrower trusted lender and fact that lender processed many loan modifications did not create a special relationship). Any claims based on an implied duty of good faith and fair dealing are therefore dismissed and the motion is GRANTED as to those claims.

### *DTPA Claims*

Plaintiff also asserts a claim under the Texas Deceptive Trade Practices Act.[3] To establish a DTPA claim, a plaintiff must allege facts showing: (1) plaintiff is a consumer; (2) defendant can be sued under the DTPA; (3) defendant committed a wrongful act proscribed by the DTPA; and (4) defendant's wrongful act was the producing cause of plaintiff's damages. *See* TEX. BUS. & COM. CODE §§17.41 *et seq*. To meet the DTPA standing requirement, a complaining party must plead and prove that he or she is a "consumer" as defined in the DTPA. TEX. BUS. & COM. CODE § 17.50(a); *Burnette*, 2010 WL 1026968, at *9 (citing *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.– San Antonio 1996, no writ)). To establish consumer status under the DTPA, a plaintiff must be "an individual ... who seeks or acquires by purchase or lease, any goods or services ...."

---

[3]Plaintiff also refers to these claims as claims under the Texas Deceptive Trade Practices Consumer Protection Act § 17.41 et seq. *See* Dkt. 1 at 11.

TEX. BUS. & COM. CODE § 17.45(4).

Generally, loans of money or extensions of credit are not considered "goods" or "services" that can form the basis of a DTPA claim. *Gomez v. Wells Fargo Bank, N.A.*, 2010 WL 2900351, 3 (N.D. Tex. 2010) (where party was attempting to only borrow money and not purchase a good or a service, it did not satisfy the requirements for consumer status under the DTPA and therefore failed to state a claim pursuant to the Texas Deceptive Trade Practices Act); *Guardian Life Ins. Co. v. Kinder*, 663 F. Supp.2d 544, 553 (S.D. Tex. 2009); *La Sara Grain Co. v. First Nat'l Bank,* 673 S.W.2d 558, 567 (Tex. 1984); *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174 (Tex. 1980); *Maginn v. Norwest Mortgage, Inc.,* 919 S.W.2d 164, 166-67 (Tex. App. – Austin 1996, no writ). However, a party who obtains a loan which is "inextricably intertwined" in the purchase or lease of a good or service may qualify as a consumer. *Knight v. Int'l Harvester Credit Corp.,* 627 S.W.2d 382, 389 (Tex. 1982) (finding that a bank customer qualified as a consumer because he sought financing to purchase a dump truck); *Flenniken v. Longview Bank & Trust Co.,* 661 S.W.2d 705, 707 (Tex. 1983) (holding that party was a consumer when party's mortgage loan was intertwined with contractor's agreement to build a house); *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex. App. – Fort Worth 2007, pet. denied) (the refinance of home equity loan cannot qualify as a good or a service under the DTPA); *Marketic v. U.S. Bank Nat. Ass'n*, 436 F. Supp.2d 842, 855 (N.D. Tex. 2006) (one who obtains a home equity loan does not obtain a "good" or a "service" to qualify as a consumer under the DTPA).

Here, Plaintiff argues that Defendant made deceptive representations or omissions regarding the loan modification. *See* Dkt. 1 at ¶62. Precedent is clear that a loan modification "is akin to

refinancing in that it is not sought for the acquisition of a good or service, but rather to finance an existing loan on previously acquired property" and therefore does not state consumer status sufficient to state a claim under the DTPA. *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 725 (5th Cir. 2013). That Plaintiff's claims pertain to a loan secured by real property is not enough. "A mortgagor qualifies as a consumer under the DTPA if his or her primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint." *Id.* (affirming dismissal of DTPA claim by borrower alleging deceptive practices during loan modification negotiations). *See also Perkins v. Bank of America*, 2015 WL 64870, 4 (5th Cir. 2015) ("Since Perkins had already purchased his home, the BOA refinance was a mere extension of credit, which does not qualify as a good or a service under the DTPA."); *Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. App'x 274, 279 (5th Cir. 2014) ("Rojas is not a consumer under this definition because the basis of her claim is the subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original transaction.")

No DTPA claim has been stated. *See e.g., James v. Wells Fargo Bank, N.A.*, 2013 WL 3240306, 2 (5th Cir. 2013) (affirming district court's findings that the plaintiffs' DTPA claims against mortgage servicer failed as a matter of law because they were not consumers under the Act). Plaintiff's claims under the DTPA are dismissed and the motion is GRANTED as to those claims.

### ***Equitable Estoppel***

Finally, the Court turns to Plaintiff's claim of equitable estoppel. Defendant argues that this is purely a defensive theory. The Court agrees. "Equitable estoppel is not a cause of action but may be asserted as a defensive plea to bar a defendant from raising a particular defense." *Doe v. Roman*

*Catholic Archdiocese of Galveston-Houston ex rel. Dinardo*, 362 S.W.3d 803, 810 (Tex. App. – Houston [14th Dist.] 2012, no pet.). Plaintiff's equitable claims arise, if at all, out of an affirmative claim of promissory estoppel. Plaintiff's separate claim of equitable estoppel is therefore dismissed and the motion is GRANTED as to that claim.

### SUMMARY

Having reviewed the record herein, the Court dismisses for failure to state a claim Plaintiff's claims of breach of the implied covenant of good faith and fair dealing, violation of the Texas Deceptive Trade Practices Act, §17,41 et seq., and equitable estoppel. The case shall proceed as to Plaintiff's claims of breach of contract and promissory estoppel regarding the FHA Trial Agreement and any promises made thereunder.

**SO ORDERED.**

**SIGNED this 12th day of February, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE