IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JEFFREY B. BERRY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:14cv459 |
| | § | |
| CITIMORTGAGE, INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant's Motion for Summary Judgment (Dkt. 29). As set forth below, Defendant's motion is GRANTED and Plaintiff shall take nothing by his remaining claims.

*Pro se* Plaintiff Jeffrey B. Berry filed this suit against Defendant CitiMortgage, Inc., alleging that, after he asked Defendant for mortgage assistance, Defendant notified him that he had been placed on an FHA Home Affordable Trial Period Plan ("the Plan"). Plaintiff alleges that he strictly complied with the requirements of the FHA Home Affordable Trial Period Plan, but that Defendant refused to permanently modify the loan agreement nonetheless.

Plaintiff's Original Complaint asserted the following claims against Defendant CitiMortgage: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) promissory estoppel (in the alternative); (4) violation of the Texas Deceptive Trade Practices Act, §17,41, *et seq.*; and (5) equitable estoppel. *See* Dkt. 1.

1

On February 12, 2015, the Court narrowed Plaintiff's case significantly and dismissed all of Plaintiff's claims except his contract and promissory estoppel claims regarding the FHA Trial Agreement and any promises made thereunder. *See* Dkt. 25. The Court found that those narrow claims had been sufficiently stated to survive Rule 12(b)(6).

Defendant now seeks summary judgment as to the remaining claims. Plaintiff has filed a response in opposition.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37

F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

**EVIDENCE PRESENTED**

In support of its motion, Defendant attaches the following evidence: (1) affidavit of Angie Fenl, CitiMortgage, Inc.; (2) April 24, 2009 Note re: 9905 Summer Sweet Drive, McKinney, Texas 75070; (3) Deed of Trust for 9905 Summer Sweet Drive, McKinney, Texas 75070; (4) May 30, 2013 Assignment of Deed of Trust assigning Deed of Trust to CitiMortgage, Inc.; (5) April 6, 2015 Consolidated Note Report for Customer Jeffrey B. Berry; (6) July 11, 2013 letter to Jeffrey B. Berry from Citi re: FHA Home Affordable Modification Trial Period Plan; (7) March 3, 2014 Notice from Citi to Jeffrey B. Berry re: deadline to submit payment under Home Affordable Modification

Program; (8) March 31, 2014 letter from Citi to Jeffrey B. Berry re: past due loan payment; (9) June 19, 2014 Notice of Acceleration and Posting re: 9905 Summer Sweet Drive, McKinney, TX 75070; (10) November 25, 2013 Letter from Citi to Jeffrey B. Berry re: Stipulated Partial Claim Agreement; (11) September 20, 2103 U.S. Department of Housing and Urban Development Memo regarding Update to FHA's Loss Mitigation Home Retention Options; and (12) June 11, 2013 letter to Jeffrey B. Berry from Citi re: request for assistance. *See* Dkt. 29-1-29-12.

In response, Plaintiff has offered the following summary judgment evidence: (1) Declaration of Jeffrey B. Berry, dated May 27, 2015; (2) July 11, 2013 letter from Citi to Jeffrey B. Berry re: qualifying for an FHA Home Affordable Modification Trial Period Plan; and (3) November 25, 2013 letter from CitiMortgage, Inc. To Jeffrey B. Berry re: Stipulated Partial Claim Agreement. *See* Dkt. 34-34-2.

## ANALYSIS

As noted above, the only claims remaining are Plaintiff's contract and promissory estoppel claims based on Plaintiff's contention that he strictly complied with Defendant's terms and conditions under the FHA Trial Plan but that Defendant declined to modify the terms of his loan.

Defendant states that, Plaintiff began an FHA Home Affordable Modification Trial Period Plan on July 11, 2013. The plan temporarily reduced Plaintiff's payment to $1,069.11 and required Plaintiff to complete documentation. Defendant argues that the plan is not an enforceable contract for which Plaintiff can allege a breach. Defendant further alleges that, even if the plan is considered to be a binding contract, Plaintiff's claim of breach cannot survive because Plaintiff made the first trial payment late, failed to continue to make the reduced payments, and did not return the required

4

documentation, his breach of contract claim cannot survive. Defendant has cited to summary judgment evidence in support of this contention.

The July 11, 2013 Trial Plan letter from CitiMortgage to Plaintiff states "[i]f you qualify under the FHA Home Affordable Modification Program by complying with the terms of the Trial Period Plan, we will modify your mortgage loan and you can avoid foreclosure." Dkt. 29-6 at 2. The FHA Trial Plan further contains the following provision:

> "3. The Modification. If (1) my representations in Section 1 were and continue to be true in all material respects; (2) I comply with the requirements in Section 2; (3) I provide the Lender with all required information and documentation; and (4) the Lender determines that I qualify, the Lender will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date...."

Dkt. 29-6 at 4.

Section 2 provides:

> The Trial Period Plan. On or before each of the following due dates, I will pay the Lender the amount set forth below ("Trial Period Payment")….
>
> 1. $1,069.11 is due by 08/01/13
> 2. $1,069.11 is due by 09/01/13
> 3. $1,069.11 is due by 10/01/13

Dkt. 29-6 at 3.

Defendant has offered evidence that Plaintiff did not make his August 2013 payment until August 19, 2013. Dkt. 29-1 at ¶7; 29-5 at 13. According to the evidence before the Court, this was not timely made under the Plan and therefore Defendant has sustained its burden in showing that Plaintiff did not comply with Section 2 of the Plan.

In response to Defendant's summary judgment argument, Plaintiff has offered a declaration that he "made three timely and consecutive 'trial payments' on August 1, 2013; July 1, 2013, and September 1, 2013" and that he made all three payments in a "timely manner." Dkt. 34 at 19-20, ¶¶2 & 5.

The Court finds that these statements are insufficient to create a fact issue as to Plaintiff's remaining contract claims. *See Sanchez v. Dallas/Fort Worth Intern. Airport Bd.*, 2011 WL 3667435, 3 (5th Cir. 2011) ("a self-serving affidavit, without more evidence, will not defeat summary judgment.") (citing *DIRECTV, Inc. v. Budden,* 420 F.3d 521, 531 & n. 49 (5th Cir. 2005)); *BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996) (affirming summary judgment for plaintiffs where "the only evidence in support of the defendants' theory is a conclusory, self-serving statement by the defendant"); *see also United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (affirming summary judgment for plaintiff where defendant's only evidence consisted of "self-serving allegations," which "are not the type of significant probative evidence required to defeat summary judgment" (internal quotation marks and citation omitted)).

The Court finds that Plaintiff has not offered sufficient summary judgment evidence to create a fact issue that he timely made the August 2013 payment. Plaintiff has not stated when or how he delivered the payment or offered any independent evidence whatsoever to show his payment was made on August 1, 2013, as required (*i.e.*, check or electronic funds transfer), while Defendant has offered electronic business records of his payment history noting the late payment. His conclusory allegation within his pleadings and declaration that he was "timely" is not enough to create a fact issue. If it is a contract at all, the August payment was material to the parties agreement, and

Plaintiff has not shown a fact issue as to his compliance.

Moreover, even if he could create a fact issue as to payment, he has failed to offer summary judgment evidence to show that he submitted signed documents or made subsequent payments, as required. Although Plaintiff argues that the only documents Defendants could request were those that were "reasonably necessary," the summary judgment evidence does not so limit Defendant's permitted document requests. The Plan upon which his contract claim is based clearly provides that he agreed to "provide the Lender with all required information and documentation." Dkt. 29-6 at 4. Defendant cites to the record to show that he did not, and Plaintiff has failed to offer anything to show that he mailed back signed copies of the forms. In light of his failure to demonstrate a fact issue regarding his strict compliance with the letter's terms, he has no breach of contract claim. *See Thomas v. EMC Mortg. Corp.*, 499 Fed. App'x 337, 341 (5th Cir. 2012) (material breach of failing to make timely payments generally prevents breach of contract action against lender) (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)).

Because the Court finds that there is no fact issue as to Plaintiff's late payment or submission of documents, it need not address Defendant's argument that the plan is not an enforceable contract because it lacked new consideration. Plaintiff shall take nothing by his breach of contract claim.

As to his alternative promissory estoppel claim, the Court finds that Plaintiff cannot prevail at summary judgment. A claim of promissory estoppel requires: (1) a promise by the defendant; (2) foreseeable and actual reliance on the promise by the plaintiff to his detriment; and (3) a showing that enforcement of the promise be necessary to avoid an injustice. *Guajardo v. JP Morgan Chase Bank, N.A.*, 2015 WL 136403, 6 (5th Cir. 2015). As the Court noted in its opinion on Defendant's

motion to dismiss (*see* Dkt. 25 at 6), in order to " succeed on a promissory estoppel claim, a plaintiff must introduce evidence demonstrating that a defendant promised to reduce a modification to a writing that would comply with the Statute of Frauds." *Whittier v. Ocwen Loan Serv., L.L.C.*, 2014 WL 6791382, 4 (5th Cir. 2014).

Here, Plaintiff's conclusory allegation in his declaration that he "substantially relied upon CitiMortgage Inc.'s promise to modify [his] mortgage should [he] satisfy the requirements of the Trial Plan and such reliance was made to [his] detriment" is not enough to create a fact issue. Dkt. 34 at 20. Plaintiff's allegation in his summary judgment response that "[a]ny evidence pertaining to foreclosure activity surrounding Plaintiff's home and the emotional distress that stems from the threatened foreclosure of Plaintiff's loss of Plaintiff's home can easily prove Plaintiff's damages" is also not enough to create a fact issue. Dkt. 34 at 15.

Even assuming that there is enough evidence in the record to show that Defendant promised to reduce a modification to a writing and that Defendant's promise was sufficiently specific, definite, and repeated such that it would be reasonable and justified for Plaintiff to rely upon it as a commitment to future action, Plaintiff has not offered any summary judgment *evidence* that would create a fact issue as to his reliance damages. There must be some *evidence* to create a fact issue as to the action, or actions, Plaintiff would have taken had he not received the promise to modify his loan. *Waltner*, 2013 WL 6858124 at 4 ("Absent the promise to modify their loan, the Waltners would still have been in default..., [and] any award of damages by the jury would be based on pure speculation."). Plaintiff was cautioned by this Court that to recover on any claim of promissory estoppel he would be required to offer evidence demonstrating his reliance damages (*see* Dkt. 25 at

7). He has not done so, and his conclusory allegations are simply not enough. As such, summary judgment is granted for Defendant as to Plaintiff's alternative claim of promissory estoppel. *Watson v. CitiMortgage, Inc.,* 530 Fed. App'x 322, 327 -328 (5th Cir. 2013) (affirming finding of district court that no genuine issue of material fact existed as to promissory estoppel where plaintiffs did not explain how any damages result from their reliance on any promises by the lender); *Shatteen v. JP Morgan Chase Bank, N.A.*, 519 Fed. App'x 320, 322 (5th Cir. 2013); *Waltner v. Aurora Loan Serv., L.L.C.*, 2013 WL 6858124, 3-4 (5th Cir. 2013) ("Reliance damages cover expenditures made in preparation for performance or in performance, and essentially seek to restore the status quo by putting the injured party in the position he would have been in had the contract not been formed.") (internal citations, quotation and alterations omitted).

The Court also notes that, although it is not required to scour the record given the nonmovant's clear summary judgment burden, it has reviewed the exhibits attached to Plaintiff's complaint and motion for injunctive relief. *See* Dkt. 1-1-1-8; 5-1. None of these exhibits create a fact issue as to Plaintiff's remaining claims.

As to Plaintiff's argument in his summary judgment response that Defendant's motion repeats arguments "rejected" by the Court in its ruling on Defendant's motion to dismiss, the Court notes that a different standard applies to Defendant's motion for summary judgment than the standard applied to Defendant's motion to dismiss for failure to state a claim. As the Court noted in its prior opinion, whether Defendant has evidence of a failure to comply with the agreement or whether Defendant ultimately determined that Plaintiff did not qualify for loan modification were not matters appropriate for dismissal of Plaintiff's claims. They are, however, appropriate for

9

consideration under the summary judgment standard.

The Court also notes that the June 11, 2013 letter from CitiMortgage also states: "Please be aware that collection and/or foreclosure activity may continue until a foreclosure prevention treatment has been approved or completed, depending on the type of solution offered." Dkt. 1-1 at 3. Plaintiff has offered no summary judgment evidence that would show the approval or completion of any foreclosure prevention treatment. Therefore, even if the Court determined that the letter was an enforceable contract and that Plaintiff's breaches of its terms were not material, Defendant's foreclosure efforts still would likely not be considered a breach.

Defendant's Motion for Summary Judgment (Dkt. 29) is GRANTED, and Plaintiff shall take nothing by his claims.

**SO ORDERED.**

**SIGNED this 22nd day of July, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE